UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------
                                        :
GLENN ALTSCHULD,                        :    Case No. 1:17-cv-1959
                                        :
            Plaintiff,                  :
                                        :
vs.                                     :    OPINION & ORDER
                                        :    [Resolving Docs. 4, 22]
COMMISSIONER OF SOCIAL SECURITY         :
ADMINISTRATION,                         :
                                        :
            Defendant.                  :
                                        :
------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this case, Plaintiff Glenn Altschuld claims that the Social Security Administration's application of the Government Pension Offset ("GPO") to his Widower's Insurance Benefits was: (i) an uncompensated government taking in violation of the Fifth Amendment and (ii) gender-based discrimination in violation of the Fourteenth Amendment.

For the following reasons, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the Magistrate Judge's Report and Recommendation, and **AFFIRMS** the Administrative Law Judge's denial of benefits.

## I.    Background

Plaintiff Altschuld worked both in the private sector and as an Ohio public sector schoolteacher before he retired.[1] Upon retirement, he began collecting his government pension and Social Security benefits.[2]

Plaintiff's wife, Audrey Altschuld, worked exclusively in the private sector.[3] When she retired, she collected Social Security benefits until her death in July 2012.[4] Shortly thereafter, Plaintiff

---

[1] Doc. 21 at 1.
[2] *Id.* at 1-2.
[3] *Id.* at 2.
[4] *Id.*

Case No. 1:17-cv-1959
Gwin, J.

Altschuld applied for Widower's Insurance Benefits.[5]

The Social Security Administration (the "SSA") determined that, while Plaintiff was eligible for Widower's Insurance Benefits, such benefits were prohibited by the Government Pension Offset.[6] The Government Pension Offset stops Widower's Insurance Benefits when the applicant is already receiving government pension benefits in a certain amount.[7]

Plaintiff Altschuld requested that the SSA reconsider its decision, which it declined to do.[8] He then sought review by an Administrative Law Judge ("ALJ"), who held a February 18, 2015, hearing.[9] At that hearing, Plaintiff did not challenge the correctness of the *application* of the Government Pension Offset to his case.[10] Rather, he challenged the constitutionality of the Government Pension Offset itself.[11] The ALJ, noting that she did not have the jurisdiction to rule on the constitutionality of the Government Pension Offset, determined that the Government Pension Offset had been properly applied.[12] Plaintiff appealed the decision to the Social Security Appeals Council, which denied his request for review.[13]

Plaintiff then brought this case, seeking review of the ALJ's decision and again asserting that the GPO is unconstitutional.[14] Magistrate Judge Parker recommended that the Court affirm the ALJ's decision.[15] Plaintiff objected to that recommendation.[16]

## II.     Analysis

The Court reviews objected-to-findings of the Magistrate Judge *de novo*.[17] Admittedly, it is somewhat unclear precisely which conclusions Plaintiff finds objectionable. But, because Plaintiff

---

[5] Doc. 17 at 19.
[6] *Id.* at 24-27.
[7] 42 U.S.C. § 402(k)(5)(A); 20 C.F.R. § 404.408a.
[8] Doc. 17 at 29-33, 37-40.
[9] *Id.* at 41-42, 64-78.
[10] *Id.* at 64-78.
[11] *Id.*
[12] *Id.* at 6, 75-76.
[13] *Id.* at 2.
[14] Doc. 4.
[15] Doc. 21.
[16] Doc. 22.
[17] 28 U.S.C. § 636(b)(1)(C).

Altschuld is *pro se*, the Court reads his pleadings liberally.[18] As such, the Court concludes that Plaintiff has objected to all of the Magistrate Judge's conclusions regarding the constitutionality of the Government Pension Offset, which the Court now considers.

### A. The Takings Challenge

The Fifth Amendment prohibits the government from taking private property without just compensation.[19] Plaintiff claims that the application of the GPO to his Widower's Insurance Benefits did just that.[20]

In evaluating Plaintiff's claim, the Court considers first "whether the claimant has established a cognizable 'property interest' for the purposes of the [Takings] Clause."[21] Plaintiff's argument fails here. The Supreme Court has held that a person's interest in Social Security benefits is not a property interest protected by the Takings Clause.[22]

Fundamentally, Plaintiff's argument misunderstands the nature of Social Security.[23] Social Security is not a government-run savings account, where citizens deposit their money for a period, but the money remains theirs. In fact, the "eligibility for benefits, and the amount of such benefits, do not in any true sense depend on the contribution to the program through the payment of taxes."[24] Rather, when citizens—like Plaintiff's wife—pay money into Social Security, they pay a government tax.[25] And when citizens receive Social Security benefits, they receive a government benefit.[26]

In light of the Supreme Court's decisions, and the nature of Social Security, the application of the Government Pension Offset to prohibit the distribution of Widower's Insurance Benefits did not

---

[18] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).
[19] U.S. Const. amend. V.
[20] Doc. 18 at 1.
[21] *Coal. for Gov't Procurement v. Fed. Prison Indus., Inc.*, 365 F.3d 435, 481 (6th Cir. 2004).
[22] *United States RR Ret. Bd. v. Fritz*, 449 U.S. 166, 174 (1980) ("There is no claim that Congress has taken property in violation of the Fifth Amendment, since railroad benefits, like social security benefits, are not contractual and may be altered or even eliminated at any time."); *see also Flemming v. Nestor*, 363 U.S. 603, 608-611 (1960) (holding that the 'right' to Social Security benefits did not qualify as an "accrued property right.").
[23] *See* Doc. 18 at 1; *see also* Doc.17 at 63-78.
[24] *Flemming*, 363 U.S. at 609.
[25] *See id.* ("The Social Security system may be accurately described as a form of social insurance . . . whereby persons . . . are taxed to permit the payment of benefits to the retired and disabled . . . .").
[26] *Id.*

violate the Fifth Amendment.

The Court briefly notes that Plaintiff may also be asserting a claim for "larceny" against the SSA for its application of the Government Pension Offset.[27] Plaintiff, however, cannot assert such a claim because larceny is a crime, not a private cause of action.[28] Even were the Court to construe this as a claim for conversion, the Court's conclusions regarding Plaintiff's Takings Challenge defeats the claim.

### B. The Equal Protection Challenge

Plaintiff also alleges that the Government Pension Offset is a gender-based classification that violates the Fourteenth Amendment's Equal Protection Clause.[29] The Court notes that, because Plaintiff's equal protection claim concerns federal (not state) action, it should have brought under the Fifth Amendment, not the Fourteenth. However, because Plaintiff's challenge would be evaluated identically under either amendment,[30] the Court proceeds as if Plaintiff had asserted his claim under the Fifth.

The Constitution generally requires that "all persons similarly circumstanced . . . be treated alike."[31] It does not, however, bind the legislature's hands so tightly that it must treat things "which are different in fact or opinion . . . as though they were the same."[32] How closely the Court examines a challenged law depends on its content. If the law implicates a fundamental right or draws distinctions on the basis of a suspect class (like gender), the Court applies heightened scrutiny.[33] If it does not, the Court applies a more deferential review.[34]

---

[27] Neither Plaintiff's Complaint (Doc. 1), nor his Amended Complaint (Doc. 4), mention a claim for larceny. In his brief before the Magistrate Judge, however, he devotes a section to "description of the larceny." (Doc. 18 at 2-3).

[28] *See Diamond v. Charles*, 476 U.S. 54, 64 (1986) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *see also Hamilton v. City of Romulus*, 409 F. App'x 826, 833 (6th Cir. 2010) (unpublished opinion) ("[L]arceny is a crime and not a private cause of action.").

[29] Doc. 18 at 2.

[30] *See, e.g., Sessions v. Morales-Santana*, 137 S. Ct. 1678, 1686 n.1 (2017) ("Th[e] Court's approach to Fifth Amendment equal protection claims has always been precisely the same as to equal protection claims under the Fourteenth Amendment.") (quoting *Weinberger v. Wiesenfeld*, 420 U.S. 636, 638 n.2 (1975)).

[31] *Plyler v. Doe*, 457 U.S. 202, 216 (1982) (internal citations omitted).

[32] *Id.*

[33] *See, e.g., Ondo v. City of Cleveland*, 795 F.3d 597, 608 (6th Cir. 2015).

[34] *Id.*

Here, Plaintiff alleges that the SSA discriminated on the basis of gender and therefore the Court must apply "intermediate scrutiny."[35] Plaintiff's argument goes like this: Plaintiff's wife was a woman; the SSA offset her account; therefore the SSA discriminated on the basis of gender.[36] In fact, the SSA did not offset Plaintiff's wife's "account," but rather Plaintiff's own benefits. Plaintiff's argument to the contrary reflects a fundamental misunderstanding of Social Security, which the Court has already discussed.

Moreover, Plaintiff's logic misses the mark. The SSA did not apply the Government Pension Offset *because* Plaintiff's wife was a woman, or because he is a man. In short, the GPO does not discriminate on the basis of gender. Therefore, the Court will apply rational basis review—not intermediate scrutiny—to the Government Pension Offset.

Thus, to prevail, Plaintiff must show that the Government Pension Offset "is not rationally related to any legitimate public interest."[37] Plaintiff has not done that.

Congress established the Government Pension Offset to prevent perceived potential windfalls. Without the Government Pension Offset, "retired civil servants could . . . receive the full amount of both the spousal benefits and the government pensions to which they were entitled. Congress estimated the payment of unreduced spousal benefits to such individuals could cost the system an estimated $190 million in 1979."[38] Ensuring the continued fiscal integrity of the Social Security program is a legitimate government interest.[39] And Congress' decision to reduce Social Security benefits for those already collecting government retirement benefits is rationally related to that interest. Thus, Plaintiff's equal protection challenge fails.

For the foregoing reasons, Plaintiff's objections are **OVERRULED**, the Magistrate Judge's

---

[35] Doc. 18 at 2.
[36] *See id.* ("Although SHE was never a public employee, HER private account was OFFSET by her husband's public account, contrary to the 14th Amendment . . . .") (emphasis in the original).
[37] *Ondo*, 795 F.3d at 608.
[38] *Heckler v. Matthews*, 465 U.S. 728, 732 (1984).
[39] *See, e.g., Lyng v. UAW*, 485 U.S. 360, 373 (1988).

Case No. 1:17-cv-1959
Gwin, J.

Report and Recommendation is **ADOPTED**, and the ALJ's decision is **AFFIRMED**.

IT IS SO ORDERED.

Dated: September 10, 2018                    *s/        James S. Gwin*
                                             JAMES S. GWIN
                                             UNITED STATES DISTRICT JUDGE